IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00047-RLV
(5:01-CR-00005-RLV-7)

| | |
|---|---|
| TROY JAMES POWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will be dismissed as successive.

## I.  BACKGROUND

On March 14, 2002, a jury in this district convicted Petitioner on one count of conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 846 & 841(b). On February 6, 2004, the United States Fourth Circuit Court of Appeals affirmed Petitioner's conviction and his sentence of 240-months' imprisonment. United States v. Powell, 86 F. App'x 612 (4th Cir. 2004) (unpublished).

On September 24, 2004, Petitioner filed a § 2255 motion to vacate which was denied and dismissed on the merits. (5:04-CV-00154-RLV). On December 1, 2005, the Fourth Circuit dismissed Petitioner's appeal. United States v. Powell, 155 F. App'x 725 (4th Cir. 2005) (unpublished). Next, the Court dismissed a motion filed by Petitioner after concluding that it was an unauthorized, successive § 2255 motion under 28 U.S.C. § 2255(h). (5:07-CV-00078-RLV).

1

The Fourth Circuit dismissed his appeal. United States v. Powell, 255 F. App'x 724 (4th Cir. 2007).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The present § 2255 motion was docketed in this Court on April 9, 2014, and therein Petitioner seeks to present a claim that he is entitled to sentencing relief based on the Supreme Court's opinion in Alleyne v. United States, 133 S.Ct. 2151 (2013). As noted, Petitioner has previously filed motions for collateral relief that have been dismissed in this district.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no evidence that Petitioner has obtained the necessary authorization from the Fourth Circuit to file the instant § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of his § 2255 motion for relief. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate under § 2255 is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: April 16, 2014

Richard L. Voorhees
United States District Judge